B. F. LASSITER, *et al., Appellants, v.* F. A. BRYAN, *et. al., Appellees.*

Opinion Filed May 19, 1914.

1.	The provision of Article XIX of the Constitution that a local option "election shall be conducted *in the manner* prescribed by law for holding general elections," does not necessarily require that the county canvassing board in a local option election shall be the same as in a general election; and the legislature did not clearly and palpably exceed its power in

providing that the precinct returns in local option elections shall be canvassed by the county commissioners.

2. It does not clearly appear beyond a reasonable doubt that because of the provisions of Article XIX of the Constitution, the legislature had no power to designate the county commissioners to be the county canvassing board in local option elections.

3. The provision of section 1209 Gen. Stats. that "at least thirty days' notice" of a local option election shall be published "in one newspaper in each and every town" in the county where such election is held, does not require that the publication shall be once each week during the thirty days preceding the election.

Appealed from Circuit Court for Dade County; J. Emmet Wolfe, Judge.

Decree affirmed.

*Atkinson, Gramling & Burdine,* for Appellants;

*L. R. Railey,* for Appellees.

WHITFIELD, J.—On October 30th, 1913, an election was held under Article XIX of the State Constitution, Dade County, Florida, "To decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein." At the election 978 votes were cast against selling and 863 votes were cast for selling liquors in the county. By bill in equity filed under the statute, section 1216 Gen. Stats. of 1906, "to test the legality and regularly of such election," it is contended that the election and canvass of the returns of the election are irregular, illegal and void on the grounds that the notice of the election was not

duly published and that the canvass of the returns was made by the County Commissioners under the local option election statute instead of by the canvassing board under the general election law. These contentions were over ruled, and an appeal was taken.

Article XIX of the Constitution is as follows:

## "LOCAL OPTION.

Section 1. The Board of County Commissioners of each county in the State, not oftener than once in every two years, upon the application of one-fourth of the registered voters of any county, shall call and provide for an election in the county in which application is made, to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein, the question to be determined by a majority vote of those voting at the election called under this section, which election shall be conducted in the manner prescribed by law for holding general elections; Provided, That intoxicating liquors, either spirituous, vinous or malt, shall not be sold in any election district in which a majority vote was cast against the same at the said election. Elections under this section shall be held within sixty days from the time of presenting said application, but if any such election should thereby take place within sixty days of any State or National election, it shall be held within sixty days after any such State or National election.

Section 2. The legislature shall provide necessary laws to carry out and enforce the provisions of section one of this article."

Section 1213 Gen. Stats. of 1906, provides that "Inspectors of election shall be appointed and qualified as in cases of general elections, and they shall canvass the vote

cast and make due returns of the same to the County Commissioners without delay. The County Commissioners shall canvass the returns and declare the result, and cause the same to be recorded as provided in the general law concerning elections as far as applicable."

Under the general election law the county canvassing board consists of the County Judge, Supervisor of Registration and the Chairman or other member of the Board of County Commissioners.

The organic provision that the local option "election shall be conducted *in the manner* prescribed by law for holding general elections," does not necessarily require that the county canvassing board in a local option election shall be the same as in a general election; and the legislature did not clearly and palpably exceed its power in providing that the precinct returns in local option elections shall be canvassed by the County Commissioners. This is particularly so when the local option election is under the terms of Section 1 of Article XIX of the Constitution held through the medium of the County Commissioners, and Section 2 of the same Article expressly provides that "the legislature shall provide necessary laws to carry out and enforce the provisions of Section one of this article." See Barton v. State, 43 Fla. 477, 31 South. Rep. 361, and Sullivan v. Orange County Com'rs, 59 Fla. 630, 52 South. Rep. 517.

It does not clearly appear beyond a reasonable doubt that because of the provisions of Article XIX of the Constitution, the legislature had no power to designate the County Commissioners to be the county canvassing board in local option elections. What was said in Reass v. State, 45 Fla. 1, 34 South. Rep. 307, as to the statutory phrase "conducted and holden," had reference to a de-

cision as to a statutory rule of evidence, not to legislative power under Article XIX of the Constitution.

Section 1209 of the General Statutes requires "at least thirty days' notice of said election by publishing the same in one newspaper in each and every town in said county," &c.

Notice of the local option elections was published more than thirty days immediately before the election, and the statute does not require that such publication shall be once each week during the thirty days preceding the election. It does not appear that in the towns in which only a monthly newspaper is published that an issue of such paper was published after the election was ordered and thirty days before the election was held.

The correctness of the declared result of the election is not challenged.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.