STATE OF FLORIDA *ex rel.* HARRY CHURCH, *Petitioner,* v. J. G. YEATS, T. P. LIGHTFOOT, M. H. MABRY, JR., C. H. TAYLOR AND W. B. MOODY, AS AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA, *Respondents.*

Opinion Filed December 14, 1917.

1. The title to an act cannot be relied upon to add to, enlarge or extend the operation or effect of the act, but may serve to aid in the construction of the body of the act and as evidence of the legislative intent.

2. Where several sections of the General Statutes are repealed but in the repealing section of the act they are simply referred to by numbers and the words "of the General Statutes" omitted, but the title to the act refers not only to the numbers but followed by the quoted words, and in the same act are other sections of the General Statutes amended which give not only the number of sections but followed by the words "of the General Statutes," it is sufficiently evident that the sections referred to only by numbers were sections of the General Statutes.

3. Where the constitution prescribes the manner of doing an act or ascertaining a fact, the manner is exclusive and it is

beyond the power of the legislature to enact a statute that would defeat the purpose of the constitutional provision.

4.  The legislaure is not permitted under the exercises of the police power to enact a statute that will in its operation defeat the purpose of the constitution.

Writ of Error to Circuit Court for Hillsborough County, F. M. Robles, Judge.

Judgment reversed.
*McKay, Withers & Phipps* and *J. Turner Butler*, for

*Mabry & Carlton*, for Respondents.

Petitioner;

WILLS, Circuit Judge—This is a proceeding by mandamus by the petitioner to compel the respondents as County Commissioners of Hillsborough County to grant him a permit to sell intoxicating liquors and wines in Election District No. 13 in said county. The petition and alternative writ sets out a full compliance with all laws prior to the enactment of Chapter 7290 of the Laws of Florida, 1917, entitled "An Act Amending Sections 1219 and 1220 of the General Statutes of Florida, Relating to Requisites of Application for Permit to Sell Liquors, Wines or Beers, and the Publication Thereof, and Repealing Sections 1222, 1223 and 1224 of the General Statutes of Florida, and Providing for Remonstrance to Petitions," and that there had been no election held in Hillsborough County by which the sale of liquors, wines and beer had been prohibited.

To this the respondents filed a demurrer and motion to quash upon the grounds:

1. The writ does not show the petitioner is entitled to any relief against them.

2. The writ shows on its face the petitioner has not complied with the law entitling him to the relief sought.

3 The writ shows the petitioner has not complied with Chapter 7290 General Laws of the State of Florida.

Upon a hearing of the demurrer and motion the Circuit Judge sustained each and entered judgment, and petitioner took writ of error.

The petitioner assails Chapter 7290 of the Laws of the State of Florida upon two grounds:

1. That Sections 1222, 1223 and 1224 of the General Statutes are not repealed by Chapter 7290, because Section 3 of said Act reads as follows: all laws or parts of laws in conflict herewith, including Sections 1222, 1223 and 1224 are hereby repealed.

2. That Chapter 7290 is violative of Article 19 of the Constitution of Florida.

While the title to an act cannot add to or enlarge the operation or effect of a statute, it may be looked to for aid in the construction of a statute and while after the numbers of the sections in the body of the act we do not find the "of the General Statutes," we do find after the numbered sections in the title the quoted words.

Also we find in Sections (1) and Two (2) of this statute that other sections of the General Statutes were amended and these sections are followed by the words "of the General Statutes." From this context we think that it is clear that Sections 1222, 1223 and 1224 of the General Statutes was meant and no one could have been misled by the omission of the words "of the General Statutes," especially in view of the language of the entire section that all laws or parts of laws in conflict

herewith, including Sections 1222, 1223 and 1224 are hereby repealed, there can be no doubt of the legislative intent.

The second contention is. that Chapter 7290 violates Article 19 of the Constitution of this State. "Courts may enquire only into the power of the legislature to lawfully enact a particular statute and all doubts as to its constitutionality are resolved in favor of the statute." Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282. It does not follow however that in every case the courts before they can set aside a law as invalid must be able to find in the constitution some specific inhibition which has been disregarded, or some express command which has been disobeyed. Cooley's Const. Lim. (7th ed.) 242. Says the court in Sill v. Corning, 15 N. Y. 297, text 303, quoted in Cooley's Constitutional Limitations, page 242: "The lawmaking power of the State, it is said in one case, recognizes no restraints, and is bound by none except such as are imposed by the Constitution. That instrument has been aptly termed a legislative act by the people themselves in their sov-. ereign capacity and is therefore the paramount law. Its object is not to grant legislative power, but to confine and restrain it. Without the constitutional limitations the power to make laws would be absolute. These limitations are created and imposed by express words, or arise by necessary implication."

The implied restraints of the constitution upon legislative power may be as effectual in its (the statutes) condemnation as written words, and such restraints may be found in either the language employed or in the evident purpose which was in view, and the circumstances and historical events which led to the enactment of the

particular provision as a part of the organic law. Rathbone v. Wirth, 150 N. Y. 459, 45 N. E. Rep. 15.

When the constitution prescribes the manner in which a thing shall be done or a fact ascertained by implication it prohibits the legislature from by statute providing a different manner—the one prescribed in the constitution is exclusive of all other modes.

Our Constitution, Article XIX, Sec. 1, provides that "the Board of County Commisisoners of each county in the State not oftener than once every two years upon the application of one-fourth of the registered voters of any county shall call and provide for an election * * * to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein the question to be determined by a majority vote of those voting at the election * * * Provided that intoxicating liquors, spirituous, vinous or malt shall not be sold in any election district in which a majority vote was cast against the same at said election."

Prior to the adoption of Article XIX the legislature was unlimited in its power to deal with the sale of intoxicating liquors—even to the absolute prohibition of the sale, but by the adoption of Article XIX the people of the several counties and election districts are to determine the question whether the sale of such lisuors shall be prohibited, and in that article have provided the manner in which the wishes of the county can be obtained "by a majority vote of those voting at the election called under this section."

This court in the case of State ex rel. Mira v. Smith, 26 Fla. 427, 7 South. Rep. 848, said: "The purpose of the Local Option Article was to remit to the registered voters of each county the settlement of the issue whether

the sale of intoxicating liquors, wines or beer should be prohibited within the county."

. We think under Article XIX and the construction placed on it in case of State *ex rel.* Mira v. Smith, *supra,* the constitution by Article XIX provides the manner by "election called" as provided in said article and by whom to be determined the "registered voters."

The legislature by the provisions of Chapter 7290 by requiring "a majority of the white registered voters" and "a majority of the colored registered voters" to sign the application for permit to sell intoxicating liquors, thus in effect making these separate majorities decide the wishes of the people of the county instead of the registered voters voting as provided by the constitution.

We are mindful of the language of this court in the case of State *ex rel.* Mira v. Smith, *supra,* wherein speaking of an application being required to be signed by a majority of the registered voters said: "in effect the certificate of a majority of the registered voters of the district that he is personally fit to be instrusted with the business of a liquor dealer" we can readily see that this regulation did not conflict with, but was perfectly consistent with the provision of the constitution in providing the issue should be decided by a majority of the registered voters.

The legislature unless restrained by some constitutional authority establishes the public policy of the State, and the courts ordinarily will not interfere with its discretion, but when it seeks to regulate by statute the provisions of organic law it then becomes a judicial question, and the courts will when such a statute is assailed determine whether such a statute is a reasonable

State of Florida ex rel. v. Yeats et al.—Opinion of Court.

exercise of the police power under the provisions of the constitution, and if the court determines that such statute defeats the purpose of the constitution, declare it invalid and unconstitutional.

Article XIX leaves the determination of its enforcement to the registered voters of the counties and election districts irrespective of race or color to be determined by a majority of the aggregate; the statute requires two majorities, one of the white and the other the colored registered voters, and in this it clearly defeats the purpose of the constitution in Local Option Article which this court has said was to remit to the registered voters of each county the settlement of the issue whether the sale of intoxicating wines or beer should be prohibited within the county.

The legislature is not permitted under the exercise of the police power to enact a statute that will in its operation defeat the purpose of a provision of the constitution.

As Section One of Chapter 7290 Laws of 1917 is inseparably connected with the remaining portions of the act, the entire act is deemed to be invalid.

The judgment should be revedsed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WHITFIELD, J., dissents.

WEST, J., disqualified.

WHITFIELD, J., dissenting—In Ex parte Theisen, 30 Fla. 529, 11 South. Rep. 901, 32 Am. St. Rep. 36, this court held that "the constitution has by Article XIX

provided a way by election for absolute prohibition, and the legislature has provided for the elction under this Article;" and that statutory provisions requiring that all applications for a license to sell liquor must be signed by a majority of the registered voters of the district "provide a test as to the personal fitness of the applicant to engage in the business of retail liquor selling in counties and districts where the right to sell has not been denied by vote under the local option provisions" of the constitution.

In State ex rel. Mira v. Smith, 26 Fla. 427, 7 South. Rep. 848, it is held that Article XIX of the Constitution "is, as to any county or election district in which it is not actually operative through an election resulting in favor of prohibition, not a limitation upon the power of the legislature further than the rules it prescribes for calling and conducting an election upon the issue of prohibition, and the resulting effect given by it to a majority vote in favor of prohibition. It says nothing as to the regulation of the sale of intoxicating liquors, wines, or beer, in any county or district where it has not been put in force. In other words, it is not a regulation of the sales of these intoxicants, and was never intended as such, but only as a provision for submitting the issue of prohibition or sale, and declaring the effect of a majority vote in favor of prohibition in a county or election district. As to any locality in which it is not in actual force by virtue of a majority vote, the legislature is as free to prescribe regulations of the sale as it would be if no such article or provision was to be found in the constitution. Of course the article is no more in force in a county or district where a majority of the electors have voted against prohibition than in one where no election under it has ever been held. Not

being a regulation of the sale of the intoxicants where
sales are permitted, but merely a regulation of the mode
of ascertaining the public sentiment of a county or elec-
tion district, as represented by a majority of registered
voters, as to whether the sale of such intoxicants shall
be prohibited, and a declaration of the effect of a majority
vote cast in favor of prohibition, it cannot be regarded
as superseding, or as intended to supersede, any existing
regulation of sales.    It does not pretend to regulate
sales where the sale of such intoxicants is allowed." See
State *ex rel.* v. Brown, 19 Fla. 563; State *ex rel.* v.
D'Alemberte, 30 Fla. 545.

The decisions in the above cases are to the effect that
Article XIX of the constitution affords the means for
determining whether the sale of intoxicating liquors shall
be prohibited in a county or election district, and that
where a statute requires an applicant for license as a
liquor dealer to procure the signatures of a majority of
the registered voters of a district to a petition as a pre-
requisite for a license to sell intoxicating liquors in such
district, the purpose of such statute is a regulation to
provide a test as to the personal fitness of the applicant
as a dealer in intoxicating liquors.

In Ex parte Lewinsky, 66 Fla. 324, it is held that "in
counties where the sale of intoxicating liquor is permitted
under Art. XIX of the Constitution, the legislature is
still free to regulate the sale, so long as it stops short
of actual or practical prohibition."

If the purpose of a statute requiring, as a prerequisite
to procuring a license as a liquor dealer, a petition
signed by registered voters of an election district, is not
to provide a test as to the personal fitness of the appli-
cants for license as dealers in intoxicating liquors as

heretofore held by this court, but such purpose is "to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein," then a requirement that to get a license as a liquor dealer the applicant's petition shall be signed by a majority of all or by any portion of the registered voters, whether a majority of the registered voters of each of the two races or a small part of the registered voters as an entirety, would violate the purpose of Section 1 of Article XIX of the Constitution which provides that the question "whether the sale of intoxicating liquors, wines or beer shall be prohibited" in a county shall "be determined by a majority vote of those voting at the election called under this section," "upon the application of one-fourth of the registered voters in any county." If the question of prohibition or sale of intoxicating liquors in a county or election district is determined by those who may sign the petition of an applicant for license as a liquor dealer, under the requirements of a statute, then the purpose of Article XIX is violated where the number of signers required by the statute is any number of persons whatever. If the statute conflicts with the constitution it is immaterial whether the conflict is reasonable or unreasonable. In determining the validity of a statute the question is not whether it reasonably conflicts but whether it undoubtedly conflicts with a provision of organic law.

"The reasonableness or justice of the deliberate act of the legislature, so long as it does not contravene some provision of organic law, is a matter for legislative consideration, and not subject to judicial control." State ex rel. Lamar, Attorney General v. Dillon, 32 Fla. 545.

"In passing upon the constitutionality of statutes gen-

erally no matter from what standpoint the assault thereon may be made, it is a well settled and cardinal rule that nothing but a clear violation of the constitution will justify the courts in overruling the legislative will; and where there is a reasonable doubt as to the constitutionality of an act it must be resolved in favor of the act and it should be upheld." State *ex rel.* Turner v. Hocker, 36 Fla. 358.

Legislation should be interpreted with reference to the practical conditions that may have induced it and the limitations of organic law that are undoubtedly applicable thereto. As regulations to conserve the public welfare are within the discretion of the legislature, subject to applicable constitutional limitations, a statute should not be nullified by the courts unless it is in undoubted conflict with some identified provision of the State or Federal Constitution.

If Article XIX relates *solely* to elections to be held in any county to determine "whether the sale of intoxicating liquors, wines or beer shall be prohibited therein" and does not affect the legislative authority to regulate "the sale" where "the sale" is not "prohibited," and if a statute requiring, as a prerequisite to obtaining a license, that a majority of the registered voters of the election district shall sign the petition of the applicant for license to sell liquors, is a regulation within the police power of the State providing "a test as to the personal fitness of the applicant to engage in the business of retail liquor selling in counties and districts where the right to sell has not been denied by vote under" Article XIX, then it seems that a statute requiring the petition of any applicant for a license to sell liquor to be signed by a majority of the white voters and a majority

of the colored voters of the district, is also a *regulation* relating to the "personal fitness of the applicant" and that it is within the police power of the State unless it violates organic law.

If, as it purports to be, the statute is a regulation providing a test as to the personal fitness of a person who desires to be licensed as a dealer in intoxicating liquors where sales are lawful, there is no conflict with the purpose of Article XIX in the absence of a showing that "the sale of intoxicating liquors, wines or beer is prohibited" by the statute in violation of Article XIX or that its operation causes "actual or practical prohibition." When no constitutional provision is violated by a statute, its reasonableness or its wisdom cannot be determined by the courts.

Inability to get the signatures of a majority of the white voters and of a majority of the colored voters of an election district will have no greater effect in causing unlawful prohibition than would an inability to get a majority of the registered voters as an entirety or inability to pay the license tax.

The allegations of facts contained in the alternative writ do not show an actual inability to get the signatures of a majority of the voters of each of the two races as required by the statute, and the courts cannot, even upon allegations of possible consequences, assume that a statute cannot be applied without violating organic law, when its terms are not in positive conflict with some provision of the State or Federal Constitution. A majority of the registered voters of each of the two named races in an election district may vouch for the personal fitness of an applicant to sell intoxicating liquors, by signing his petition, when they would not

vote against prohibition of the sale of liquors in the district at an election under Article XIX. It does not appear as matter of law or of common knowledge or by admitted allegations that a majority of the registered voters of each of the two named races, in an election district where intoxicating liquors may lawfully be sold, will refuse to sign the petition of personally fit applicants for license as dealers in intoxicating liquors in the district, thereby causing "the sale of intoxicating liquors, wines or beer to be prohibited therein," in violation of Article XIX.

Chapter 7290 Acts of 1917 appears from its terms, taken in the light of previous decisions of this court, to be a regulation for determining under the police power of the State the "personal fitness" of applicants to be licensed as *dealers in intoxicating liquors,* and such chapter does not relate to the question "whether the sale of intoxicating liquors, wines or beer shall be prohibited" in any county or district of the State. The regulations do not in terms or by necessary intendment relate to the subject of Article XIX of the State constitution as construed by previous decisions of this court, nor do they in terms or apparent effect, cause unlawful prohibition; and there is no showing that in practical operation the statute will effectuate prohibition in violation of Article XIX of the constitution. It does not appear to me beyond a reasonable doubt that the statute violates Article XIX of the constitution. See Lassiter v. Bryan, 67 Fla. 478, 65 South. Rep. 590.