QUESTION:
May a state agency, under s. 23.071, F.S., withhold the salary of a police officer trainee for reimbursement of the cost of training when the trainee on his own initiative terminates the employment within one year?
SUMMARY:
A state agency is not authorized, under s. 23.071, F.S., to withhold the salary of a police officer trainee for reimbursement of tuition costs at police or law enforcement schools, but may collect such costs by civil action.
Section 23.071(1), F.S., authorizes an employing state agency to pay the costs of tuition of trainees in attendance at approved police or law enforcement schools and s. 23.071(2) provides, in pertinent part:
"A trainee who attends such approved training program at the expense of a . . . state agency . . . must remain in the employment of such . . . state agency . . . for a period of not less than one year. If his employment is terminated on his own initiative within one year, he shall reimburse the . . . state agency . . . for the amount expended by the . . . state agency . . . for his participation in such training program, and such . . . state agency . . . may institute a civil action to collect such tuition costs if not reimbursed."
It is clear from the foregoing that a police officer trainee who attends an approved training program at the expense of his employer must reimburse his employing agency for the tuition costs if he voluntarily terminates his employment within one year. An employing agency is specifically authorized by statute to institute a civil action to collect such costs. There is, however, no provision expressly authorizing an agency to recoup such costs by withholding the trainee's salary, nor can such authorization be inferred from the language of the statute in question. It is a rule of statutory construction that a legislative direction as to the manner in which a thing shall be done is, in effect, a prohibition against its being performed in any other way. See Murphy v. Barnes, 3 So. 433, (Fla. 1888); State v. Yeats,77 So. 262, (Fla. 1917); Alsop v. Pierce, 19 So.2d 799, (Fla. 1944).
Accordingly, I am of the view that a state agency is not authorized to enforce the collection of tuition costs for attendance at approved police or law enforcement schools by withholding the amount of such costs from the trainee's salary.