**PLYMOUTH CITRUS GROWERS ASSOCIATION v. J. M. LEE, Comptroller.**

27 So. (2nd) 415                                   June Term, 1946
October 1, 1946                                        Division A

*Maguire, Voorhis & Wells, H. M. Voorhis* and *W. H. Pope,* for appellant.

*J. Tom Watson,* Attorney General, *Fred M. Burns,* and *T. Paine Kelly,* Assistant Attorneys General, for appellee.

TERRELL, J.:

Appellant executed a form note for $750,000 and mailed it to the Columbia Bank for cooperatives of Columbia, S. C., an instrumentality of the United States, organized under the

Farm Credit Act of 1933, being Public Act 75, 13 U.S.C.A. 1131, et seq. The note was accepted by and was payable at said bank. The appellant placed Florida Documentary Stamps in the sum of $750 on the note. A claim for refund was filed for the return of said amount under Chapter 22008, Acts of 1943, but was denied, on the theory that the note was required to bear that amount of documentary stamps.

Bill of complaint was forthwith filed by appellant, praying the Court to adjudicate the point of whether or not the note was taxable under the documentary stamp tax act, to require the Comptroller to draw his warrant on the State Treasury in favor of appellant to refund said amount, to grant such further relief as may be necessary, and to restrain further demands for documentary stamp taxes on other notes or transactions described in the bill of complaint.. A motion to dismiss was granted, and final decree was entered for appellee. This appeal is from the final decree.

It is contended by appellant that the note is not taxable under Chapter 201, Florida Statutes 1941, because it was not made, executed, and delivered in the State of Florida, and the contract accompanying the note shows that it is intended to cover future advances in varying amounts to be made thereafter, at interest rates to be fixed in accordance with the use to which the said advances are put.

There is no dispute about the essential facts in the case. The record discloses that the note was made and signed in the State of Florida and that it was delivered in due course to the bank in Columbia, S. C., Section 201.01, Florida Statutes 1941, specifies the documents subject to the documentary stamp tax, and Section 201.08 defines the rate of taxation imposed on them. The record also discloses that the face value of the note was loaned in the State of Florida, so there is no basis for the latter part of appellant's contention.

Since this is the case, the gist of the contention is that the note does not require the documentary stamp tax because it was not a completed transaction in this state, since every act essential to its completion was not performed in Florida. It is true that the note was delivered to a bank in South Carolina, but it was made in Florida, the loan was used in Florida, and

it was in all essential factors a Florida transaction. We have weighed carefully appellant's support for its contention, but, in our view, it is answered to the contrary in Graniteville Mfg. Co. v. Query, 283 U. S. 376, 75 L. Ed. 1126. In this holding we are not unmindful of appellant's effort to differentiate these cases, but we think the acts involved and facts in the two cases are so similar that the case last cited is controlling.

It is last contended that the note in question became the property of an instrumentality of the United States before it was subject to the documentary stamp tax and was exempt under the Federal Constitution and the provisions of the Farm Credit Act of 1933, 12 U.S.C. 1138C.

The documentary stamp tax is an excise tax on the promise to pay. The terms and certainty of payment are not material. We are convinced that the factors tending the note bring it within the class taxable under Chapter 201, Florida Statutes 1941. It is perfectly evident that if the Farm Credit Act inhibited the State from imposing the tax, it could not be done, but we have examined the terms of this act, and nowhere is it provided, in word or by fair implication, that notes executed by persons dealing with Federal banks, cooperatives, or associations shall be exempt from Federal, State, or other documentary taxes. It is hardly necessary to say that, so long as the Federal Law does not forbid such a tax, the State may exercise the privilege to impose it.

We have examined Federal Land Bank v. Crossland, 261 U. S. 374, 67 L. Ed. 703; Pittman v. Home Owners' Loan Ass'n., 308 U. S. 21, 84, L. Ed. 11, and other cases relied on by appellant, but we do not think they overcome this conclusion.

It is, accordingly, our view that the note in question was a promissory note made, executed, and, to all intents and purposes, delivered in the State of Florida and that the documentary stamp tax was properly imposed on it; that there is no clear intent to include and exempt it under the terms of the Farm Credit Act, and, being so, it is not exempt thereunder.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.