WIGGINTON, Chief Judge.
The sole question presented by this appeal is whether appellant, a private Florida corporation, is liable for payment of a documentary stamp tax on promissory notes executed by it in this state, which were thereafter delivered to and held by the United States of America as evidence of a loan. The notes are secured by a duly executed mortgage in favor of the United States and recorded in the public records of Walton County. From an adverse decree the protesting taxpayer has appealed.
Appellant premises its right to reversal upon the theory that the tax in question is one levied exclusively upon the documents evidencing the loan, and that under the statute these documents as property of the United States are therefore exempt from all forms of taxation.[1]
In support of its position appellant points to the title of the act pursuant to which the tax in question is imposed which recites that it is “An Act Levying and Imposing an Excise Tax on Documents to Raise Revenue for the Support of the State Government; and Prescribing Penalties for Failure to Pay Said Tax.” The first section of the act levies the tax,[2] and the eighth section thereof makes it specifically applicable to promissory notes and fixes the rate to be collected.[3] Taken literally, the plain language adopted by the legislature lends support to appellant’s position that the tax is assessed and levied upon the documents described in the act, and not upon the transaction of which the documents are but an integral part.
*359 By his decree the chancellor found that the intent of the statute is to levy an excise tax against the maker of promissory notes for the privilege of engaging in a transaction pursuant to which the notes are made, executed and delivered. Confined to its essential parts applicable only to the transaction now under consideration, the chancellor interpreted the statute to mean that “There shall be paid the taxes specified in this chapter for and in respect to the several documents described in the following sections by any person who makes the same.” (See emphasized portion under Footnote 2) Having concluded that the tax is imposed upon the maker of the notes, the chancellor held that the tax was one levied upon the transaction between the appellant and the United States, and not upon the documents consisting of the promissory notes in question. With this conclusion we are impelled to agree.
In the Plymouth Citrus Growers Association case[4] our Supreme Court considered the applicability of the documentary stamp tax to a promissory note given by a Florida citizen to the Columbia Bank for Cooperatives of Columbia, South Carolina, an instrumentality of the United States. It was there held that the documentary stamp tax is an excise tax on the promise to pay, and the terms and certainty of payment are not material. In Peninsular Telephone Company it was held that the documentary stamp tax is more nearly of the nature of a transaction tax that is imposed upon particularly described transactions when they occur within the limits of this state. It was there held that it was the execution and exchange of documents for money that created the documentary liability.[5] In a more recent decision our Supreme Court has made it eminently clear that the documentary stamp tax is an excise levied upon transactions of which the documents described in the act are merely a part, and not a tax upon the documents themselves.[6] Similar constructions have been placed upon comparable acts by courts in the federal jurisdiction.[7] We hold that the document is merely evidence of the transaction to which is attached the stamp showing payment of the tax imposed.
The decree appealed, which found that appellant is liable for payment of the documentary stamp tax on the promissory notes executed by it and payable to the United States, is accordingly affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. “The following property shall be exempt from taxation:
“ (1) All property, real and personal, of the United States and of this state, except such property of the United States as shall be subject to taxation by this state or any political subdivision or municipality thereof under any law of the United States.” F.S. Sec. 192.06, F.S.A.

. “Documents taxable, generally — There shall he levied,, collected and paid the taxes specified in this chapter, for and in respect to the several documents, bonds, debentures or certificates of stock and indebtedness, and other documents, instruments, matters, writings, and things described in the following sections, or for or in respect of the vellum, parchment, or paper upon which such document, instrument, matter, wilting, or thing, or any of them, are written or printed by any person, who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same, or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, or shipped in the state.” F.S. Sec. 201.01, F.S.A.

.“Tax on promissory notes, written obligations to pay money, assignments of wages, etc.
“(1) On promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be ten cents. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate.” F.S. Sec. 201.0S. F.S.A.

. Plymouth Citrus Growers Ass’n v. Lee, 157 Fla. 893, 27 So.2d 415.

. State ex rel. Peninsular Telephone Co. v. Gay, Fla.1956, 90 So.2d 132.

. North American Company v. Green, Fla.1960, 120 So.2d 603.

. Graniteville Mfg. Co. v. Query, 283 U.S. 376, 51 S.Ct. 515, 75 L.Ed. 1126. See also Endler v. U. S., D.C.N.J., 110 F.Supp. 945.