RAWLS, Judge.
Petitioners, D. I. Rainey, Jr., et al., having been aggrieved by final agency action, seek review of the order of respondent, Department of Revenue, assessing documentary stamp taxes and penalty. The primary issue, as framed by the hearing officer, is: Whether the transaction evidenced by the written instrument is taxable under the provisions of Sections 201.01 and 201.08, Florida Statutes?
On February 28, 1974, petitioners, with the exception of two individuals, executed and delivered to The Lewis State Bank a promissory note in the amount of $405,-000.00 and a mortgage securing same. Documentary stamps in the required amount were affixed to the promissory note. On July 7, 1975, The Lewis State Bank assigned the note and mortgage to Thomas County Federal Savings and Loan Association, Thomas County, Georgia. On July 2 and July 7,1975, the petitioners, save for D. I. Rainey, Jr., signed the instrument which is the subject matter of the challenged tax in Tallahassee, Florida. That instrument modified the promissory note and mortgage which had been assigned to Thomas County Federal, including an increase of $7,000.00 in the stated amount of principal. Rainey was entrusted with the modified document by the other petitioners who signed a letter [1] authorizing Rainey to act for them. The amendment to note and mortgage was executed by Rainey and accepted by Thomas County Federal, as assignee of said original note and mortgage in Thomas County, Georgia. Thus, at the time the amendment to note and mortgage left Florida, it was not enforceable because all of the petitioners had not executed it. The proceeds of the transaction were delivered by Thomas County Federal to the petitioners’ agent in Georgia.
Upon the foregoing facts, the hearing officer found, as a matter of law, that the transaction was not completed in Florida and thus “there is insufficient situs in Florida to assess the tax”. The Department filed extensive written exceptions to the hearing officer’s recommended order. Its basic contention was and is that: “. The Amendment to Note and Mortgage involved in this case was made, signed, and executed; save one signature of the multiple obligors, who were jointly and severably [sic] liable, in the [S]tate of Florida . . .”
*389 Upon considering the recommended order, the Department of Revenue refused to adopt same upon its findings, as a matter of law, that: 1) to be taxed there must be a Florida transaction, 2) the only instrument reflecting the outstanding obligation of $412,000.00 was the amendment to note and mortgage, 3) the loan was used to refinance a Florida project and execute by all but one petitioner in the State of Florida, and 4) petitioners’ promise to pay this new obligation was recorded in Florida; thus, all essential factors of a Florida transaction had been proven requiring the affixing of documentary stamps in the sum of $607.50 plus penalty of $607.50.
The salient question and dispute between the hearing officer’s conclusion and that of the Department is: Was the transaction completed in its essential elements in Florida? As above reflected, upon undisputed facts, the hearing officer answered this critical question in the negative, while the Department arrived at an affirmative answer. Justice Campbell Thornal, speaking for the Supreme Court in State v. Gay, 90 So.2d 132 (Fla.1956), resolved this essential question by stating:
“. . . While it is true that the ‘transaction’ is the borrowing of money, nevertheless it is incomplete until documents evidencing the debt are executed and delivered, and the money exchanged therefor. It is this execution and exchange of documents for money that creates the documentary tax liability. Thus it is that the tax is on the transaction itself and not upon the mere privilege of engaging in the transaction. . . . ”
The question of subterfuge is not here involved. The partially executed document was entrusted by all of the petitioners, save one, to the remaining petitioner (Rainey), who was to act as their agent in closing the transaction. No delivery had been accomplished in Florida; thus, the document was unenforceable when it was in Florida. That Thomas County Federal is a bona fide Georgia lending institution has not been questioned. The essential execution of the instrument was that of Rainey’s signature which was affixed in Georgia. The money was delivered to Rainey in Georgia upon the exchange of the instrument. We concur with the hearing officer’s finding that there was no taxable situs in Florida.
the petition for review is granted, and the final order of the Department of Revenue is quashed with directions that the assessment of documentary stamp taxes in the sum of $607.50 and the assessment of $607.50 penalty be vacated.
McCORD, C. J., and BOYER, J., concur.

. The body of the letter provides as follows:
“Please accept this letter as your authority to receive any and all proceeds from the re-financing of the Jefferson Towers apartment project, of which we are part owners.
“We have previously executed the closing documents and understand that you will represent us at the closing to take place at Thomas County Federal Savings and Loan Association, Thomasville, Georgia, on Monday, July 7.
“You are, in addition to the above authorization, authorized to endorse any required checks, issue receipts in our names, and otherwise represent us as required.”