358 So.2d 897 (1978)
THE FLORIDA BAR, Petitioner,
v.
Gerald A. LEWIS, As Comptroller of the State of Florida, and the Department of Revenue, Respondents.
No. GG-160.
District Court of Appeal of Florida, First District.
May 18, 1978.
*898 Carl R. Pennington, Jr. and Everett Anderson of Pennington, Wilkinson & Sauls, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen. and Patricia S. Turner, Asst. Atty. Gen., for respondents.
McCORD, Chief Judge.
This is a petition of the Florida Bar for review of an order of the Department of Revenue which ruled that petitioner was liable for certain documentary stamp taxes and penalty on a promissory note executed to the Barnett Bank of Tallahassee which was secured by a mortgage executed on the same date as the note. We reverse.
§ 201.08(1), Florida Statutes, imposes a tax upon promissory notes made, executed, delivered, sold, transferred, or assigned in the state. § 201.01, Florida Statutes, provides in pertinent part as follows as to the levy, collection, and payment of such tax:
There shall be levied, collected and paid the taxes specified in this chapter, for and in respect to the several documents ... described in the following sections, ... by any person, who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same, or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned or shipped in the state,..."
"The bank's standard form of mortgage which accompanied the note petitioner executed provides that the mortgagor will pay all taxes, stamp tax, or other charges assessed under the mortgage. Upon recording the mortgage and note, documentary stamps were not affixed to either document. Thereafter, the Department of Revenue assessed tax and penalty on the transaction under the statutes referred to above. The bank then required petitioner to pay the assessment and penalty pursuant to the terms of the mortgage and petitioner paid under protest. The question below and the question presented here is whether or not a refund should be granted.
Petitioner contends that as an arm of the judiciary, the Florida Bar is constitutionally *899 immune from direct taxation by the legislature under the separation of powers doctrine and that the legislature may not impose indirectly a tax that would be constitutionally prohibited if imposed directly. Respondent contends (and the hearing examiner and final order adopting same so found) that petitioner could and did contractually bind itself to pay the excise tax which it otherwise would not have been obligated to pay; that the foregoing statute imposes the tax on both parties to the transaction, and petitioner assumed the obligation by its contract.
The Preamble to the Integration Rule of the Florida Bar adopted by the Supreme Court of Florida and as amended to January 1, 1967, provides in pertinent part as follows:
"(a) The Florida Bar, a body created by and existing under the authority of this Court, is charged with the maintenance of the highest standards and obligations of the profession of law, and to that end is vested by this Court, in the exercise of its inherent powers over The Florida Bar as an official arm of this Court with the necessary powers and authority." (Emphasis supplied.)
See also Dacey v. Florida Bar, Inc., 414 F.2d 195 (5th Cir.1969). Article II, § 3, of the Florida Constitution provides:
"Branches of Government. The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."
The Florida Bar is an arm and part of the judiciary, one of the three co-equal departments of state government. While the Constitution does not expressly provide that the legislature may not tax the judiciary, the purpose of the framers or adopters of the Constitution may be shown by implication as well as by express provision, and what is implied in a Constitution is as effective as that which is expressed. See State ex rel. Church v. Yeats, 74 Fla. 509, 77 So. 262 (1917); State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739 (1924); Amos v. Matthews, 99 Fla. 1, 126 So. 308 (1930). Constitutional restraint may be found either in the express language employed or in the purpose clearly, though impliedly, evidenced thereby. Amos v. Matthews, supra. To hold that the legislature has the power to tax the judiciary would make a mockery of the separation of powers provision of the Constitution. The judiciary, and the Florida Bar as part of the judiciary, is immune from taxation.
We must turn now to the proposition of whether or not the particular transaction between the tax immune Florida Bar and the Barnett Bank of Tallahassee is a taxable transaction. It is common knowledge that lenders universally require borrowers to assume the burden of any taxes imposed upon a loan transaction. If a borrower is to obtain a loan, he must agree to pay the taxes on the transaction. This is such common practice that the Court can and we do take judicial notice of it. It is apparent under these circumstances that the legislative act, if applied to a transaction between a lender and a tax immune body, constitutes an indirect tax upon the tax immune body. As stated by the Supreme Court in State ex rel. Powell v. Leon County, 133 Fla. 68, 182 So. 639 (1938),
"It is fundamental and elementary that the legislature may not do that by indirect action which it is prohibited by the Constitution to do by direct action."
To impose a tax upon a note given by a tax immune arm of government is an unconstitutional application of the foregoing statute.
Reversed.
BOYER and MILLS, JJ., concur.