372 So.2d 1121 (1979)
Gerald A. LEWIS, Etc., et al., Appellants,
v.
THE FLORIDA BAR, Appellee.
No. 54777.
Supreme Court of Florida.
June 28, 1979.
Jim Smith, Atty. Gen. and David K. Miller, Asst. Atty. Gen., Tallahassee, for appellants.
Carl R. Pennington, Jr. and Everett P. Anderson of Pennington & Wilkinson, Tallahassee, for appellee.
PER CURIAM.
We have for review by direct appeal the decision of the District Court of Appeal, First District, in The Florida Bar v. Lewis, 358 So.2d 897 (Fla. 1st DCA 1978), holding that the Bar's requested refund of a documentary stamp tax and penalty should be granted since to impose a tax upon a note given by a tax-immune arm of government is an unconstitutional application of sections 201.01[1] and 201.08(1),[2] Florida Statutes *1122 (1975). We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
The issue before us is whether imposition of documentary stamp taxes, pursuant to sections 201.08(1) and 201.01, Florida Statutes (1975), upon a transaction between The Florida Bar and Barnett Bank of Tallahassee, is an unconstitutional application of these statutes.
We agree with the district court that imposition of the documentary stamp tax upon the transaction between The Florida Bar and the Barnett Bank is an unconstitutional application of these statutory provisions.
The pertinent facts and arguments of the parties are succinctly stated in the opinion of the district court. The district court gave the following rationale for its decision:
The Florida Bar is an arm and part of the judiciary, one of the three co-equal departments of state government. While the Constitution does not expressly provide that the legislature may not tax the judiciary, the purpose of the framers or adopters of the Constitution may be shown by implication as well as by express provision, and what is implied in a Constitution is as effective as that which is expressed. See State ex rel. Church v. Yeats, 74 Fla. 509, 77 So. 262 (1917); State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739 (1924); Amos v. Matthews, 99 Fla. 1, 126 So. 308 (1930). Constitutional restraint may be found either in the express language employed or in the purpose clearly, though impliedly, evidenced thereby. Amos v. Matthews, supra. To hold that the legislature has the power to tax the judiciary would make a mockery of the separation of powers provision of the Constitution. The judiciary, and the Florida Bar as part of the judiciary, is immune from taxation.
We must turn now to the proposition of whether or not the particular transaction between the tax immune Florida Bar and the Barnett Bank of Tallahassee is a taxable transaction. It is common knowledge that lenders universally require borrowers to assume the burden of any taxes imposed upon a loan transaction. If a borrower is to obtain a loan, he must agree to pay the taxes on the transaction. This is such common practice that the Court can and we do take judicial notice of it. It is apparent under these circumstances that the legislative act, if applied to a transaction between a lender and a tax immune body, constitutes an indirect tax upon the tax immune body. As stated by the Supreme Court in State ex rel. Powell v. Leon County, 133 Fla. 68, 182 So. 639 (1938),
"It is fundamental and elementary that the legislature may not do that by indirect action which it is prohibited by the Constitution to do by direct action."
To impose a tax upon a note given by a tax immune arm of government is an unconstitutional application of the foregoing statute.
358 So.2d at 899.
We agree with the rationale of the district court, and its decision is, hereby, affirmed.
It is so ordered.
ADKINS, BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
SUNDBERG, J., concurs specially with an opinion.
ENGLAND, C.J., dissents with an opinion.
SUNDBERG, Justice, concurring specially.
I concur in the opinion of the majority which adopts the rationale of the District Court of Appeal, First District. However, I *1123 believe it important to add one additional ingredient to the rationale of the district court. That ingredient has to do with the nature of the tax here involved. By a consistent line of cases the tax imposed by section 201.01, Florida Statutes (1975), has been construed to be a tax on the "promise to pay." Plymouth Citrus Growers Association v. Lee, 157 Fla. 893, 27 So.2d 415 (1946); Choctawhatchee Electric Co-operative, Inc. v. Green, 123 So.2d 357 (Fla. 1st DCA 1960); cert. denied with opinion, 132 So.2d 556 (Fla. 1961); cert. denied, 369 U.S. 829, 82 S.Ct. 844, 7 L.Ed.2d 794 (1962). If the incidence of the tax is on the maker's promise to pay embodied in the promissory note, then the legislature may not directly or indirectly impose the tax where the maker, here The Florida Bar, is immune from taxation. In the cited cases imposition of the tax was upheld even though the payee of the promissory note was immune. This was so because the promisor, whose promise to pay supplied the incidence of taxation, did not enjoy immunity. United States v. Lee, 153 Fla. 95, 13 So.2d 919 (1943), cited by appellants, is explicable on the very basis outlined above. In that case the Court traced the history of what was determined to be essentially an excise tax on the sale of gasoline. The Court concluded that even though the dealer in gasoline was authorized to add the tax to the sales price of gasoline sold, the tax was laid on the dealer and not the consumer. Hence, sales to the United States were held not immune.
It is clear to me, then, that the incidence of the tax is of utmost importance. If the taxable incidence arises from the act of an immune entity then no tax may be collected. If the taxable incidence arises from the act of an entity not immune, it makes no difference that the other party to the transaction may enjoy immunity  the tax may be collected.
ENGLAND, Chief Justice, dissenting.
I must respectfully dissent.
The department of revenue assessed a documentary stamp tax against the Barnett Bank of Tallahassee, not The Florida Bar. The Bar concedes that the bank is taxable since, under section 201.01, Florida Statutes (1975), the issuance of a promissory note is a taxable event and the tax may be imposed upon either the maker of the note or the lender. The bank and the Bar argue, however, that, because the bank's contract with The Florida Bar contains a standard industry proviso that any documentary stamp tax the bank must pay will be collected from the borrower, the tax has in fact been laid on a tax immune arm of government.
The argument is clever, I admit, but the fact of the matter is that the tax has been laid on the bank alone. How the bank chooses to pass along the burden of its tax, whether by custom, by contract, or by higher profit margins, seems to me immaterial. I, like Justice Sundberg, would look to the legal incidence of the tax, and not to the custom of the trade, to ascertain liability. The incidence of tax on the issuance of a promissory note was quite properly determined by the department of revenue to fall on the Barnett Bank of Tallahassee.
The department did not, as the Bar contends, attempt to circumvent the Bar's immunity or to do indirectly what it could not do directly when it sought to tax the bank in accordance with section 201.01. It sought only to enforce an unambiguous statute against one of the several persons expressly liable for the tax. It is unprecedented, absurd, and probably unlawful to require the department of revenue to examine the contracts of persons legally subject to the incidence of tax in order to ascertain whether the financial burden of the tax is shifted to another party.
My colleagues have been misled. Until today, the taxability of this type of transaction  where one party to a loan is immune or exempt from tax  was clearly proper in Florida.[*]
NOTES
[1] Section 201.01 provides in pertinent part:

There shall be levied, collected and paid the taxes specified in this chapter ... by any person, who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same, or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, or shipped in the state... .
[2] Section 201.08 provides in part:

(1) On promissory notes, nonnegotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each $100 of the indebtedness or obligation evidenced thereby, the tax shall be 15 cents on each $100 or fraction thereof... .
[*] See 1975 Op. Att'y Gen. Fla. 075-206 (July 15, 1975); 1971 Op. Att'y Gen. Fla. 071-100 (May 12, 1971); 1970 Op. Att'y Gen. Fla. 070-169 (Dec. 4, 1970); 1968 Op. Att'y Gen. Fla. 068-10 (Jan. 19, 1968); 1965 Op. Att'y Gen. Fla. 065-69 (July 15, 1965); 1963 Op. Att'y Gen. Fla. 063-131 (Nov. 4, 1963); 1962 Op. Att'y Gen. Fla. 062-150 (Nov. 8, 1962).