Randy Miller Executive Director, Department of Revenue Tallahassee
QUESTION:
Is a state agency required by state law to file in the county where the property is located an annual tangible personal property return for tangible personal property owned by the state?
SUMMARY:
Until legislatively or judicially determined otherwise, the state and its agencies are not required by law to file in the county where the property is located an annual tangible personal property return for tangible personal property owned by the state or its agencies.
Your question is answered in the negative.
Your inquiry refers to and questions the continued validity and applicability of AGO 063-138 to the issue raised by your question. That opinion dealt with different statutory language and, in the main, with a different subject and need not be considered for the purpose of this opinion. I would note that the rationale of that opinion and the general principles of law stated therein generally apply to the question you have raised in the instant inquiry.
Section 192.011, F. S., provides that the property appraiser shall assess all property located within his county, whether such property is taxable or wholly or partially exempt. It is evident from the provisions of s. 193.052, F. S., when read in their entirety, that the requirement for filing tangible personal property returns is applicable to taxpayers, e.g., `the taxpayer' is required to complete and file a tangible personal property return correctly reflecting the `owner's' estimate of the value of the property owned or `otherwise taxable to him and covered by such return'; `all railroad and utility property' is required to be properly returned; and all `fiduciaries' are required to file with the Department of Revenue a copy of each inventory required to be filed in the circuit court under general law or court rules relating to decedents' estates, trusts, or guardianships. Neither the state nor its agencies are expressly or impliedly mentioned therein, and there is no clearly manifested legislative intent to extend the requirements of s. 193.052 to state government or any agency of the state. The exception of real property, the ownership of which is reflected in instruments recorded in public records, clearly relates to real property and not tangible personal property, see s. 193.052(2), and obviously does not operate to extend the requirements of this section relating to tangible personal property returns to the state or agencies. Cf. Dickinson v. City of Tallahassee, 325 So.2d 1, 4 (Fla. 1975), wherein the court rejected a suggestion that an express grant of taxing authority could be expanded through the terminology of an exception. Likewise, the requirements of s. 193.085 relating to real property and, in part, to state-owned real property; railroad property of all types; all railroad and railroad terminals, tracts, or other fixed assets; and the rolling stock of private car, freight line, and equipment companies are not in terms applicable to the filing of annual tangible personal property returns by the state or its agencies. Indeed, you have not brought to my attention any statute which expressly or by necessary implication mentions or extends to the state and its agencies in relation to the filing of tangible personal property tax returns for such property as may be owned by the state or its agencies. Neither are the property appraisers expressly or by necessary implication empowered to require the submission of such returns.
Section 193.114, F. S., requires the property appraiser to prepare the tangible personal property assessment roll which `shall include inventory, taxable household goods, and all other taxable . . . property.' Section 193.114(3) provides that the Department of Revenue shall promulgate regulations and forms for the preparation of the tangible personal property roll to reflect,inter alia, `[w]hen property is wholly or partially exempt, a categorization of such exemption,' and `[t]he owner or fiduciary responsible for payment of taxes on the property.' The provisions of s. 193.114 relating to tangible personal property and the assessment rolls for such property clearly have reference to taxable tangible personal property and the `owner or fiduciary' responsible for payment of taxes on such property, and the reference to `wholly or partially exempt' property does not embrace immune or state-owned tangible personal property. As the state courts and this office have observed on several occasions, property of the state is immune from taxation despite any reference to such property in a statute as being exempt. See,e.g., Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla. 1957); State v. Alford, 107 So.2d 27 (Fla. 1958); and AGO's 072-277 and 073-152; cf. AGO 072-56.
The general rule of law is that the state and its agencies are not ordinarily to be considered within the purview of a statute, however general and comprehensive the language of the act may be, unless intention to include them is clearly manifest, as when they are expressly named therein or included by necessary implication. 82 C.J.S. Statutes s. 317, and see Duval County v. Charleston Lumber Manufacturing Co., 33 So. 531 (Fla. 1903) (county not subject to a garnishment proceeding unless made so by express statutory provision); State v. Gordon Brothers Concrete, Inc., 339 So.2d 156 (2 D.C.A. Fla., 1976) (garnishment statute did not provide statutory authority for waiver of state's immunity in garnishment proceeding); and City of St. Petersburg v. Carter,39 So.2d 804 (Fla. 1949) (the term `corporation' in a statute does not include municipal corporations, and term `persons' in a statute does not ordinarily include municipal corporations, unless they are expressly included by apt words or a clear legislative intent is expressed in the context that they be included). Attorney General Opinions 069-12 and 074-261. The general provisions of the above-cited statutes and the use of such general terms as `all property,' `whether . . . taxable, wholly or partially exempt,' `returns,' `the taxpayer,' `owner's,' `fiduciaries,' and `all railroad and utility property' do not in my opinion extend to or include the state and its agencies or tangible personal property owned by the state. Therefore, in the absence of any statutory definition including the state and its agencies within the meaning of such general terms or the express mention of the state and its agencies in the context, I must conclude that the state and its agencies are not subject to the operation of the several statutes hereinbefore cited and commented on.
Furthermore, the real and personal property of the state or its agencies is impliedly immune from taxation unless legislative intention to include it is clearly manifested. This immunity is not dependent upon constitutional or statutory provisions but rests on public policy and broad grounds of fundamentals in government. See 84 C.J.S. Taxation s. 200; 31 Fla. Jur. Taxation
s. 135; Park-N-Shop, Inc. v. Sparkman, supra; State v. Alford,supra; Ruyle v. Dolly, 110 So.2d 467 (2 D.C.A. Fla., 1959); Orlando Utilities v. Milligan, 229 So.2d 262 (4 D.C.A. Fla., 1969); Dickinson v. City of Tallahassee, supra; and AGO 072-277;cf. The Florida Bar v. Lewis, 358 So.2d 897 (1 D.C.A. Fla., 1978), adopted and affirmed, Lewis v. The Florida Bar,372 So.2d 1121 (Fla. 1979). While the Legislature may provide for the taxation of the tangible personal property of the state and its agencies, a clear and direct expression of its intent to do so is required. See State v. Alford, and Dickinson v. City of Tallahassee; see generally 84 C.J.S. Taxation s. 200. I find no such clear and direct expression of legislative intent in the several statutes hereinabove cited and discussed; likewise, I find that these statutes do not constitute a waiver of the state's inherent immunity from tangible personal property taxation by the several counties and municipalities of the state. Cf. State v. Alford, and Dickinson v. City of Tallahassee. Such being the case, it would seem to necessarily follow, and logic and common sense dictate, that such immunized agencies of the state are not required by law to file annual tangible personal property returns for tangible personal property owned by the state through its agencies and impliedly or inherently immune from taxation.
Your inquiry suggests that Rule 12D-8.07, F.A.C. — requiring, interalia, that the tangible personal property assessment roll include `all locally assessed taxable . . . property' and property wholly or partially exempt `(which for the purpose of this rule shall include immune as well as exempt property)' — compels the property appraisers to include on the tangible personal property assessment roll all property, taxable or not, including both exempt and immune tangible personal property. The published rule recites that the specific authority therefore and the law implemented in s.195.052, F. S. (apparently inadvertently misnumbered and intended to refer to s. 193.052, F. S.), and cites s. 193.027, F. S. (apparently inadvertently miscited and intended to refer to s.195.027, F. S.), for the department's general rulemaking authority. Whatever the legal efficacy of this rule may be as a direction to the property appraisers, it cannot legally operate to subject the state and its agencies or the property thereof to tangible personal property taxation or to waive their implied or inherent immunity from taxation; neither is the above-quoted language from the rule (or the law upon which the rule is based) legally sufficient to bring the state and its agencies or any property owned by them within the purview of the rule (or the law upon which it is founded). As hereinbefore indicated, to provide for such taxation of state agencies or for a waiver of their immunity therefrom, a legislative enactment or statute clearly and directly expressing the Legislature's intention to do so is required. The department's general rulemaking power is, of course, circumscribed and delimited by the express statutory purposes and specifications laid down by the Legislature. See, e.g., Lewis v. Florida State Board of Health, 143 So.2d 867 (1 D.C.A. Fla., 1962); State v. Smith, 35 So.2d 650 (Fla. 1948); and Florida Grower's Co-op Transport v. Department of Revenue, 273 So.2d 142
(1 D.C.A. Fla., 1973), cert. denied, Department of Revenue v. Florida Grower's Co-op Transport, 279 So.2d 33 (Fla. 1973).
Prepared by: William D. Townsend, Assistant Attorney General