PER CURIAM.
Appellants seek review of a final order of the comptroller denying appellants’ request for refund of certain intangible and documentary stamp taxes paid in connection with a real estate transaction. Appellants claim that since the sale of the property was at the order of the circuit court through an appointed receiver the sale amounted to state action and is thus exempt from documentary stamp taxes under Florida Statute § 201.24, and is exempt from intangible tax under Florida Statute § 199.072(l)(a). Alternatively, appellants argue that as a non-profit charitable institution Christian Mutual Foundation is exempt from intangible taxes under Florida Statute § 199.072(2)(a).
We are not persuaded by appellants’ argument that because the transfer was made by a court-appointed receiver appellants are entitled to the exemptions the legislature has seen fit to grant to the State. Florida Statute § 199.072(l)(a) provides that property owned by the State or any political subdivision or municipality thereof is exempt from intangible taxes. Florida Statute § 201.24 exempts any obligations to pay money issued by a municipality, political subdivision, or agency of the State from the imposition of documentary stamp taxes. In the present case, the property was transferred from Michigan Baptist Foundation to Christian Mutual Foundation, both private corporations. The documentary stamp taxes were imposed upon notes reflecting an obligation of Christian Mutual Foundation to pay money. The transfer was not made for the benefit of the State. Appellants are not entitled to a refund under these provisions of Florida law.
However, we find appellants are entitled to a refund for the intangible taxes paid in that appellants were exempt from those taxes as a non-profit charitable institution. Appellees never contested the charitable status of the appellant corporation. No factual issue as to appellants’ charitable status was raised in the order denying the request for a refund. Accordingly, we hold that appellees cannot raise on appeal the insufficiency of the proof presented as to appellants’ charitable status.
Intangible personal property owned by non-profit charitable institutions is exempt from the tax imposed by Chapter 199. Section 199.072(2)(a), Florida Statutes (1979). Although the tax imposed was technically related to the notes being given to the former creditors of Michigan Baptist Foundation, which were secured by the mortgage being recorded, the tax amounted to an indirect tax upon a tax-exempt entity. See, Lewis v. The Florida Bar, 372 So.2d 1121 (Fla.1979). Accordingly, the portion of the order denying a refund for the intangible tax collected pursuant to Chapter 199, Florida Statutes is reversed; the order is affirmed in all other respects.
AFFIRMED in part and REVERSED in part. REMANDED for proceedings consistent with this opinion.
BOOTH and SHIVERS, JJ., concur.
LARRY G. SMITH, J., dissents with opinion.