LARRY G. SMITH, Judge,
dissenting with opinion.
I disagree with the majority’s application of Lewis v. The Florida Bar, 372 So.2d 1121 (Fla.1979), to the present controversy. The Lewis decision is bottomed upon the tax immune status of the Florida Bar as an arm of the judicial branch of government. Here, the party challenging the tax assessment is not a tax immune body. As a charitable institution, The Christian Mutual Foundation is taxable to the same extent as any other person or entity, except as specifically exempt by law from the payment of a tax.[1] The exemption provision applying to charitable institutions is that found in Section 199.072(2)(a):
*18 199.072 Exemptions.—
******
(2)(a) There shall also be exempt from the tax imposed by this chapter intangible personal property owned by nonprofit religious, nonprofit educational, or nonprofit charitable institutions. (Emphasis supplied)
Although under the peculiar circumstances presented here appellant has in fact paid the intangible tax,[2]1 see no basis for application of the exemption statute because under no process of logic or reasoning can it be said that appellant owned the property upon which the tax was imposed. The notes and mortgages securing them were clearly “owned” by the holders of the notes and mortgages, Barnett Banks Trust Company, or the bank as trustee for the creditors of Michigan Baptist Foundation.
Accordingly, I would affirm the order appealed.

. Article VII, Section 3(a), Florida Constitution, provides in part: “. .. Such portions of property as are used predominantly for ... charitable purposes may be exempted by general law from taxation.”

. The intangible personal property tax is a tax on the property itself, Section 199.032(2), Florida Statutes (1979), and is assessed against the owner of the property, Section 199.052, but payment is required as a prerequisite to the recording of the mortgage securing the note, Section 199.052(7)(a), (c). In order for appellant to complete the purchase in accordance with the order of the circuit court the documents had to be recorded, and these recording expenses were borne by appellant since, according to appellant, there was “no other person or party who could or would pay them.”