JOANOS, Judge.
In this administrative appeal, appellants, Cohen-Ager, Inc., and Metropolitan Dade County challenge a Final Order of the Department of Revenue (Department) which assesses a documentary stamp tax on a warranty deed in which Cohen-Ager, Inc., reconveyed property to Dade County. Appellants raise the following issue on appeal: Whether the title reconveyance from Cohen-Ager, Inc., to Dade County is exempt from documentary stamp taxation pursuant to Rule 12B-4.14 Florida Administrative Code.[1] We affirm.
In 1978 the Dade County Board of County Commissioners (Board) authorized the construction of Singer Plaza, a housing unit for the handicapped. The Board approved a bond issue to pay the development costs, and Dade County through the Public Housing Authority (PHA), invited bids for the construction requiring that the bids be itemized by construction costs. In October 1978, Dade County accepted the bid of Cohen-Ager, Inc., appellant. The contract price for Part I of the construction was $2,970,000.00. Dade County and Cohen-Ager, Inc., also signed Part II of the contract under which Cohen-Ager, Inc., would construct Singer Plaza for the county. Article VII of Part II of the contract specified that the contractor will pay all documentary stamps and taxes applicable to the conveyance of property to Dade County by warranty deed.
To avoid expensive and time consuming financing procedures, including placing a mortgage lien on the property and holding a separate referendum, Dade County conveyed legal title to the undeveloped property to Cohen-Ager, Inc., by a document enti- *1333 tied “Quit Claim County Deed Subject to Possibility of Reverter” (Deed), which incorporated the contract by reference. The Deed provided that all title and interest of the property would revert to Dade County upon termination, recession, breach and completion of the contract. The Deed also provided for automatic reverter if any encumbrance or lien was placed on the property except for those designed to obtain financing for the completion of the contract. The contract and Deed required completion of the project and reconveyance of title within one year after the title was transferred to Cohen-Ager, Inc.
Cohen-Ager, Inc., took legal title, pledged the property as collateral for construction financing, built Singer Plaza and transferred title back to Dade County by warranty deed. Cohen-Ager, Inc., paid nothing to Dade County when originally receiving legal title to the property, and upon reconveyance to Dade County received payment according to the agreed contract price. The Department determined that Cohen-Ager, Inc. had conveyed an interest in realty to Dade County and therefore assessed a documentary stamp tax of $11,880.00 pursuant to section 201.-02, Florida Statutes (1979),[2] plus penalties and interest on the warranty deed by which title was reconveyed.
In April 1984 this action commenced with a filing of a petition for administrative proceedings in which Cohen-Ager, Inc., argued that Dade County intended to create a resulting trust in Cohen-Ager, Inc., when it originally conveyed the property for construction, and that the original conveyance was not supported by consideration, and therefore was exempt from the documentary stamp tax pursuant to Rule 12B-4.14, Florida Administrative Code. A recommended order was issued by a hearing officer of the Division of Administrative Hearings. On April 22,1986, the Department of Revenue entered the final order, which adopted the recommended order and found that: 1) no resulting trust arose; and, 2) consideration had passed from Dade County to Cohen-Ager, Inc. Therefore, the department determined that the documentary stamp tax was valid.
Appellants first argue that Cohen-Ager, Inc., is exempt from tax liability under section 12B-4.14(2)(b), Florida Administrative Code, because the warranty deed is a reconveyance of legal title from the “trustee,” Cohen-Ager, Inc., to the “beneficial owner,” Dade County. Appellants assert that the conveyance to Cohen-Ager, Inc., gave rise to a resulting trust in appellant, therefore the reconveyance to Dade County is exempt from documentary stamp taxes. Rule 12B-4.14(2)(b), Florida Administrative Code, provides that a conveyance of legal title to realty by a trustee to the beneficial owner is not taxable. Appellants cite River Park Joint Venture 315076 v. Dickinson, 303 So.2d 654 (Fla. 1st DCA 1974), for support, and argue that in River Park, this court looked beyond the form and face of the conveyance instrument and found that a trust relationship was only intended to finance the purchase of the land, and therefore the transfer of the building was not a sale but a conveyance by a trustee exempt from documentary stamp tax. Appellants also cite Howell v. Fiore, 210 So.2d 253 (Fla. 1st DCA 1968), for support, where this court found that a transfer of a water plant franchise and land on the same date as the repurchase agreement implied a trust, as could be inferred from the accompanying facts and circumstances, again looking beyond the form and face of the instrument. However, the cases that appellants cite for support can be distinguished from the instant case based upon *1334 the existence of the clearly worded contract to which both appellants here were bound. Further, in State, Department of Revenue v. Zuckerman-Vernon Corporation, 354 So.2d 353 (Fla.1977), the Florida Supreme Court found that a resulting trust arises where one party pays the consideration for a purchase of realty but title is taken in the name of another. Here the record reveals no similar facts that would qualify as a resulting trust.
Rule 12B-4.14(2)(b), Florida Administrative Code, states, “[a] conveyance to or by a trustee which is not pursuant to a sale is not taxable.” Here the facts established that a sale did take place, and consideration in the form of an improvement on the realty was exchanged for a specific sum. Further, section 201.01, Florida Statutes (1979), imposes the liability for the payment of the documentary stamp tax upon any person who executes a document or for whose benefit or use the document is made.[3] Therefore, we agree with the Department’s position that appellants’ resulting trust argument fails and Rule 12B-4.-14(2)(b), Florida Administrative Code, is inapplicable.
Also, as the hearing officer stated in the recommended order, adopted by the Department, the Florida courts have repeatedly held that “the liability to pay the documentary stamp tax, as well as the amount of the tax is to be solely determined from the form and face of the instrument, and not by proof of extrinsic facts.” State, Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440, 442 (Fla. 1st DCA 1974), appeal dismissed, 307 So.2d 448 (Fla.1974); Hialeah, Inc. v. Department of Revenue, 380 So.2d 562, 563 (Fla. 3d DCA 1980). Though these cases refer to the excise tax imposed by section 201.08, Florida Statutes (1979) (tax on written obligations to pay money), the cases also refer generally to the documentary stamp tax in Chapter 201, Florida Statutes. Also, as appellee argues, there is no plain language in appellant’s contract which refers to or describes a trust of any kind. The language clearly and repeatedly refers to a sale of property or interest in property. For example, ARTICLE IX is entitled “Contract of Sale”, and states that “the provisions of the Contract of Sale covering the Property are embodied in the Agreement-” Also Part II, page 13-A of the contract, provides:
Contractor agrees to sell a completed “property” consisting of improvements and land ...
And, under ARTICLE VII, “Settlements,” the language of the contract describes the way in which the contractor must execute and deliver a general warranty deed for the property and provide proof of title insurance issued in the name of the public housing authority in the amount of the “purchase price”:
If there are any defects or deficiencies in the improvements the PHA may withhold from the purchase price the amount stated ... as necessary for the correction thereof.
Finally, as very clearly spelled out under ARTICLE VII on p. 13-D of the contract, it is written:
The contractor shall pay all documentary stamps and taxes applicable to this trans *1335 action. The contractor shall have no obligation for the payment of any closing or settlement costs as provided in this paragraph.
The Department’s argument is persuasive and is supported by the contract language itself, that both parties to the contract anticipated that a documentary stamp tax would have to be paid, and went as far as to agree in writing that it would be Cohen-Ager, Inc., who would be liable for payment of the tax. Dade County conveyed an undeveloped property to Cohen-Ager, Inc., and after making the agreed upon improvement, Cohen-Ager, Inc., deeded back the land plus the improvements, comprising newly developed property, which as the Department asserts is a new package in which the consideration for the land and the consideration for the development and construction are indistinguishable. We conclude, as did the hearing officer, that to convey the property with the improvements completed back to Dade County, Cohen-Ager, Inc., used the vehicle of a “deed whereby any land ... or any interest therein shall be transferred to the purchaser ...” Section 201.02(1), Florida Statutes (1979).
We understand, as explained by appellants, that the imposition of documentary taxes upon a situation such as the one involved in this proceeding increases the cost of the project. The imposition of taxes will, therefore, be factored into the future bids as a cost item and ultimately passed on to the county. We refrain from consideration of this point. We presume that the burdens complained of, which require a referendum and the securing of a mortgage lien, were established to promote accountability for public property transactions. If these procedures are no longer necessary, the legislature should be looked to for relief. We do not believe it is appropriate for us to be influenced in this study by considerations more properly addressed to the legislature.
It is generally accepted that tax exemptions are to be strictly construed against the party claiming them. Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla.1976), appeal dismissed, 434 U.S. 804, 98 S.Ct. 32, 54 L.Ed.2d 61 (1977); Housing by Vogue, Inc. v. State Department of Revenue, 403 So.2d 478 (Fla 1st DCA 1981), approved, 422 So.2d 3 (Fla.1982). Further, the findings of a trier of fact are entitled to as much weight and respect as the verdict of a jury and may not be overturned unless review of the entire record reveals a total lack of substantial evidence to support them. See Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla. 2d DCA 1976); Chakford v. Strum, 87 So.2d 419 (Fla.1956). Florida’s Administrative Procedure Act has expressly adopted these principles. See section 120.-57(l)(b)(9), Florida Statutes (1979). We find that there is competent substantial evidence in the record to support the findings in the Department’s Final Order which provide that, because the consideration for the land and the consideration for the development and construction are indistinguishable in the contract price, the full contract price is the consideration for the warranty deed, and therefore the exemption that appellants rely on in Rule 12B-4.-14(2), Florida Administrative Code, is inapplicable. Having concluded that a resulting trust did not arise, and that consideration did pass from Dade County to Cohen-Ager, Inc., upon reconveyance, we find that neither exemption authorized by Rule 12B-4.14, Florida Administrative Code, is applicable to the facts of this case. Therefore, we hold that Cohen-Ager, Inc., is liable for the documentary stamp tax assessed on the warranty deed.
The Final Order of the Department of Revenue is affirmed.
MILLS and SHIVERS, JJ., concur.

. In pertinent part Rule 12B-4.14 Florida Administrative Code provides:
12B-4.14 Conveyances Not Subject to Tax.
(2) No Consideration:
(b) A conveyance to or by a trustee which is not pursuant to a sale is not taxable.

. In pertinent part section 201.02, Florida Statutes (1979) provides:
201.02 Tax on deeds and other instruments relating to lands, etc.—
(1) On deeds, instruments, or writings whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, on each $100 of the consideration therefor the tax shall be 40 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is now shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 40 cents for each $100 or fractional part thereof of the consideration therefor, (emphasis supplied).

. Section 201.01, Florida Statutes (1979) in pertinent part provides:
201.01 Documents taxable, generally. — There shall be levied, collected, and paid the taxes specified in this chapter, for and in respect to the several documents, bonds, debentures or certificates of stock and indebtedness, and other documents, instruments, matters, writings, and things described in the following sections, or for or in respect of the vellum, parchment, or paper upon which such document, instrument, matter, writing, or thing, or any of them, is written or printed by any person who makes signs, executes, issues, setts, removes, consigns, assigns, records, or ships the same, or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, recorded, or shipped in the state, (emphasis supplied). Note: This statute imposes liability for payment of the documentary stamp tax on both parties to a taxable document, however in the instant case, Dade County as a political subdivision of the State of Florida is immune from taxation. Where a political subdivision of the state is immune from taxation the non-immune party to the transaction is still liable for the tax. See Rule 12B-402(3)(a), Florida Administrative Code.