Larry E. Denney District Counsel U.S. Government Small Business Administration
QUESTION: In the event of a foreclosure sale of real property securing a loan for which the Small Business Administration (SBA) is a guarantor, is the SBA exempt from payment of documentary stamp taxes on the documents transferring the commercial lending institution's interest to the SBA by either assignment of the Certificate of Sale or the Certificate of Title?
SUMMARY: While the SBA is immune from payment of documentary stamp taxes, the documents transferring the commercial lending institution's interest in real property to the SBA are not exempt. The commercial lending institution is liable for these taxes unless it can show that it is immune or exempt by s. 201.24, F.S., or under state or federal law.
You refer to an earlier opinion, AGO 73-118, in which my predecessor in office concluded that the SBA, as an agency of the United States Government, is immune from state taxation and that real property owned by it is exempt from ad valorem taxes. I concur with that opinion.
You imply that the documentary stamp tax is an ad valorem tax. The documentation stamp tax, however, is an excise tax.[1]
Section 201.02, F.S., applies this tax to documents relating to the transfer of interests in real property, specifying that the tax rate is applied to the amount of consideration for the transfer. Therefore, the documentary stamp tax is not an ad valorem tax because it is not applied to the value of the underlying property.
The SBA's immunity from state taxation prevents it from being subject to the payment of excise taxes, including the documentary stamp tax. However, this immunity does not exempt those documents transferring commercial lending institutions' interests in real property to the SBA from the documentary stamp tax. The Florida Legislature has expressed its intent to levy this tax upon documents to which one party is immune or exempt from taxation. As a result of the enactment of s. 6, Ch. 87-102, Laws of Florida, s.201.01, F.S., now provides in pertinent part:
 Unless exempt under s. 201.24 or under any state or federal law, if the United States, the state, or any political subdivision of the state is a party to a document taxable under this chapter, any tax specified in this chapter shall be paid by a nonexempt party to the document.[2]
The above language clearly indicates that the Florida Legislature did not intend to exempt such documents from taxation merely because one party is immune or exempt. Rather, it has shifted the tax burden to the other party. Such documents only become exempt from taxation when both parties are immune or exempt by s. 201.24, F.S., or under state or federal law.[3]
With regard to transfers involving the SBA, s. 201.01, F.S., imposes the documentary stamp tax on the other party to the document. Therefore, it is my opinion that commercial lending institutions are liable for the documentary stamp tax levied on documents, e.g., assignments of Certificates of Sale transferring their interests in real property that have been or are being obtained through foreclosure to the SBA.
Such institutions may avoid the tax only by showing that they are immune or exempt by s. 201.24, F.S., or under state or federal law. Section 201.24(1), F.S., is inapplicable to commercial lending institutions, and s. 201.24(2), F.S., applies only to certain transactions involving educational facilities and sites. Apart from the limited applicability of s. 201.24(2), F.S., it is my opinion that commercial lending institutions are not immune or exempt under state or federal law from liability for documentary stamp taxes on documents transferring their interests in real property to the SBA.
RAB/tjw
[1] See, Ch. 201, F.S., which is entitled "Excise Tax on Documents."
[2] Section 6, Ch. 87-102, Laws of Florida, effective June 30, 1987, effectively overturned the contrary holding in Lewis v. The Florida Bar, 372 So.2d 1121 (Fla. 1979).
[3] Section 201.24, F.S., states:
Obligations of municipalities, political subdivisions, and agencies of the state. — There shall be exempt from all taxes imposed by this chapter: (1) Any obligation to pay money issued by a municipality, political subdivision, or agency of the state. (2) Any assignment, transfer, or other disposition, or any document, which arises out of a lease or lease-purchase for real property agreement entered pursuant to s. 235.056(3).