Mr. Charles P. Vitunac County Attorney Indian River County
QUESTION:
May a county pay the excise tax on documents as required by Ch.201, F.S., when it acquires by donation, purchase, or settlement of an eminent domain proceeding, real property for a governmental use?
SUMMARY:
While the private party is liable for the payment of the excise tax on documents transferring property to the county, the county, if it determines that such payment serves an identifiable county purpose, may pay, on behalf of the private party, such excise taxes. The determination of whether such payment constitutes a county purpose in any given instance is one which must be made by the county commission.
You state that Indian River County from time to time acquires real property for various governmental uses such as right-of-way and public buildings. Such acquisition may be by donation, purchase, or settlement of eminent domain proceeding. You are concerned that s. 201.01, F.S., in providing that any tax imposed by Ch. 201, F.S., "shall be paid by a nonexempt party to the document," prohibits the county from paying the tax. You state that this has caused problems in some situations where the county is acquiring property.
Section 201.02, F.S., applies a documentary stamp tax to documents relating to the transfer of interests in real property. The tax rate of this excise tax is applied to the amount of consideration for the transfer. Section 201.01, F.S., provides in pertinent part:
 Unless exempt under s. 201.24 or under any state or federal law, if the United States, the state, or any political subdivision of the state is a party to a document taxable under this chapter, any tax specified in this chapter shall be paid by a nonexempt party to the document.
This office has previously stated that the above statute clearly indicates that the Florida Legislature did not intend to exempt such documents from taxation merely because one party is immune or exempt.[1] Rather it has shifted the tax burden to the other party.[2] Such documents only become exempt from taxation when both parties are immune or exempt by s. 201.24, F.S., or under state or federal law.[3] Thus, in those cases where real property is being transferred to the county, the nonexempt party is liable for payment of the tax.
While the statute makes the nonexempt party liable for payment of the tax, I find nothing in the statute which prohibits the county or a third party from paying the tax on behalf of the private party. If paid by the county, however, the board of county commissioners must first determine that such an expenditure of county funds serves an identifiable county purpose.
Under the State Constitution, noncharter counties "have such power of self-government as is provided by general or special law."[4]
Section 125.01(1), F.S., in implementing this constitutional provision, provides that "[t]he legislative and governing body of a county shall have the power to carry on county government." In enumerating the powers which are included is the power to "[p]erform any other acts not inconsistent with law, which acts are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law."[5]
The expenditure of county funds, therefore, must serve a county purpose.[6] That determination must be made by the board of county commissioners as the governing body of the county. The county commission should make appropriate legislative finding as to the purpose of the expenditure and the benefits which would accrue to the county. Such legislative functions and determinations cannot be delegated to the Attorney General nor may the Attorney General undertake such legislative findings on behalf of the county.[7]
Therefore, I am of the opinion that the private party is liable for the payment of the excise tax on documents. The county, however, if it determines that such payment serves an identifiable county purpose, may pay, on behalf of the private party, such taxes on real property it acquires by donation, purchase, or settlement of an eminent domain proceeding. The determination of whether such payment constitutes a county purpose in any given instance is one which must be made the county commission.
RAB/tjw
[1] Attorney General Opinion 91-54.
[2] See, Lewis v. The Florida Bar, 372 So.2d 1121
(Fla. 1979), which had held that the imposition on The Florida Bar of the documentary stamp tax constituted an impermissible indirect tax on a tax immune body. Section 201.01, F.S., was subsequently amended by s. 6, Ch. 87-102, Laws of Florida, to shift the tax liability to the nonexempt party. Cf., AGO 91-54.
[3] See, s. 201.24, F.S., which states:
Obligations of municipalities, political subdivisions, and agencies of the state. — ll be exempt from all taxes imposed by this chapter: (1) Any obligation to pay money issued by a municipality, political subdivision, or agency of the state. (2) Any assignment, transfer, or other disposition, or any document, which arises out of a lease or lease-purchase for real property agreement entered pursuant to s. 235.056(3).
And see, s. 1.01(8), F.S., defining "political subdivision" to include counties.
[4] Section 1(f), Art. VIII, State Const. 
[5] Section 125.01(1)(w), F.S. And see, s.125.01(3)(b), F.S., stating:
The provisions of this section shall be liberally construed in order to effectively carry out the purpose of this section and to secure for the counties the broad exercise of home rule powers authorized by the State Constitution.
See also, Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978) (s.125.01[1]. F.S., grants governing body of a county the full power to carry on county government; unless Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body has full authority to act through the exercise of its home rule powers).
[6] See, s. 10, Art. VII, State Const., requiring that public funds be used for public purposes.
[7] See, e.g., AGO's 83-5 and 84-49.