605 So.2d 1333 (1992)
ORANGE COUNTY FLORIDA, Battaglia Fruit Co., Inc., and Battaglia Properties, Ltd., Appellants,
v.
FLORIDA DEPARTMENT OF REVENUE, Appellee.
No. 92-102.
District Court of Appeal of Florida, Fifth District.
October 16, 1992.
Scott E. Wilt of Maguire, Voorhis & Wells, P.A., Orlando, for appellants.
Robert A. Butterworth, Atty. Gen., Joseph C. Mellichamp, III, Sr. Asst. Atty. Gen., and Jeffrey M. Dikman, Asst. Atty. Gen., Tallahassee, for appellee.
DIAMANTIS, Judge.
Appellants Orange County, Florida, Battaglia Fruit Co., Inc. and Battaglia Properties, Ltd. appeal the final summary judgment upholding the assessment of documentary stamp taxes imposed by appellee Florida Department of Revenue. We reverse.
On December 27, 1988 Battaglia Fruit Co., Inc. (BFC) and Battaglia Properties, Ltd. (BPL) each entered into an agreement with Orange County, Florida to sell parcels of real property to Orange County under threat of condemnation and in lieu of eminent domain proceedings. Each agreement contains the following provisions regarding expenses of the sale:
7. Expenses of sale shall be apportioned as follows:
(A) All taxes to the date of closing shall be paid by BUYER at closing.
(B) Documentary stamps on the deed are not required because the Property is being acquired under threat of condemnation.
* * * * * *
Both parties agree that pursuant to the terms of this provision any documentary stamp tax must ultimately be paid by Orange County.[1]
Two warranty deeds were executed by BFC and BPL, and Orange County recorded the deeds. Neither party to the transaction paid documentary stamp taxes.
The Florida Department of Revenue (DOR) subsequently issued two notices of proposed assessment of tax, interest, and *1334 penalty[2] to BFC and BPL. BFC and BPL instituted an action challenging the assessment and seeking a declaration of their liability for payment of the assessments. BFC and BPL claimed that the assessment was improper because it would result in an indirect tax upon Orange County. Orange County was later added as a plaintiff to the action. Appellants and appellee both moved for summary judgment and agreed that there were no factual issues. The trial court entered final summary judgment in favor of DOR. Although appellants have raised several points on appeal, we conclude that only one possesses merit and requires reversal of the trial court's order.
Appellants contend that DOR's assessment of tax is improper because Orange County is immune from direct taxation and therefore DOR may not, by assessing a tax on BPL and BFC, impose indirectly a tax that would be prohibited if imposed directly upon Orange County. DOR meanwhile contends that the tax is proper because it is imposed upon BFC and BPL pursuant to section 201.01 of the Florida Statutes (1989). DOR argues that Orange County is only immune from direct taxation and not from the indirect taxation which results from Orange County's contractual agreement with BFC and BPL to pay the documentary stamp tax.
It is well established that the state and its political subdivisions, like a county, are immune from taxation because there is no power to tax them. Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla. 1975); State ex rel. Charlotte County v. Alford, 107 So.2d 27 (Fla. 1958); Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla. 1957); City of Orlando v. Hausman, 534 So.2d 1183 (Fla. 5th DCA 1988), rev. denied, 544 So.2d 199 (Fla. 1989); Andrews v. Pal-Mar Water Control District Department of Revenue, 388 So.2d 4 (Fla. 4th DCA 1980); Orlando Utilities Commission v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969) cert. denied, 237 So.2d 539 (Fla. 1970). See also Cohen-Ager, Inc. v. State, Department of Revenue, 504 So.2d 1332, 1334 at n. 3 (Fla. 1st DCA 1987) rev. denied, 518 So.2d 1274 (Fla. 1987). We recognize that section 201.01 as amended in 1987 provides for payment of the documentary stamp tax by the nonexempt party. However, Orange County is more than statutorily exempt from taxation: Orange County is immune from taxation. See Dickinson v. Tallahassee, 325 So.2d at 3; Park-N-Shop, Inc. v. Sparkman, 99 So.2d at 573-574; City of Orlando v. Hausman, 534 So.2d at 1184; Orlando Utilities Commission v. Milligan, 229 So.2d at 264. A tax exemption emanates from the beneficence of the legislature and presupposes the power to tax, while immunity from taxation flows directly from the Constitution and is not subject to the ever-transitory and fleeting benevolence of the legislature.
In Lewis v. The Florida Bar, 372 So.2d 1121 (Fla. 1979), the Florida Bar executed a promissory note which was secured by a mortgage. The mortgage provided that the Florida Bar, as mortgagor, would pay all taxes, stamp tax, or other charges assessed under the mortgage. In Lewis, the Florida Supreme Court adopted the rationale of the district court and held that to impose a tax upon a note given by the Florida Bar, a tax-immune arm of government, where such body contractually agrees to pay the tax pursuant to the customary practice of lenders requiring borrowers to pay the tax, results in an unconstitutional application of the statute in that an indirect tax is levied upon a tax-immune body.[3]
In applying the rationale of Lewis to the instant case, it is clear that the imposition of a documentary stamp tax on the deeds given under threat of condemnation, where the tax-immune entity has contractually *1335 agreed to pay the tax,[4] results in an indirect tax upon that tax-immune entity. The imposition of a tax on the deeds under the circumstances of this case constitutes an unconstitutional application of section 201.01 because the "legislature may not do that by indirect action which it is prohibited by the Constitution to do by direct action." Lewis v. The Florida Bar, 372 So.2d at 1122.
Because of the rationale of Lewis and of the importance of this matter to the counties of the state and to the Department of Revenue,[5] we certify the following question to the Florida Supreme Court:
WHEN A PROPERTY OWNER CONVEYS PROPERTY TO A COUNTY UNDER THREAT OF CONDEMNATION AND IN LIEU OF EMINENT DOMAIN PROCEEDINGS AND THE COUNTY IS CONTRACTUALLY BOUND TO PAY ANY DOCUMENTARY STAMP TAX ASSESSED BY THE DEPARTMENT OF REVENUE ON THE TRANSACTION, IS THE TRANSACTION IMMUNE FROM SUCH TAXATION EVEN THOUGH THE DEPARTMENT OF REVENUE IMPOSES THE TAX DIRECTLY UPON THE PROPERTY OWNER?
Accordingly, we reverse the trial court's order and remand this cause with directions to enter final summary judgment in favor of appellants.
REVERSED and REMANDED.
HARRIS, J., and McNEAL, R.T., Associate Judge, concur.
NOTES
[1] In setting forth the undisputed facts in its final judgment, the trial court stated that the agreements were executed by BFC and BPL under threat of condemnation and in lieu of eminent domain proceedings, and that Orange County is contractually liable to BFC and BPL for payment of the documentary stamp taxes at issue.
[2] DOR subsequently withdrew the assessed penalties.
[3] Appellee attempts to distinguish Lewis upon the ground that the Florida Bar, as an arm of of government. We reject this distinction because Lewis turns on the issue of immunity from taxation which flows from the coequality of the judicial branch of government.
[4] We agree with appellee that the agreement between the parties as to which of the parties will pay the documentary stamp tax does not bind appellee. However, this is not determinative of the case because appellee does not contest the fact that under the parties' agreement Orange County, a tax-immune body, must ultimately pay the tax.
[5] Appellee argues that Lewis should be revisited and the dissenting opinion's analysis, which looks to the "legal incidence of the tax" to determine tax liability, should be adopted in this case regardless of the contractual agreement which requires Orange County to pay the tax. It is axiomatic that we are bound by Lewis regardless of whether we find the Department's argument to be worthy of consideration.