Mr. Dan Stengle, General Counsel Department of Community Affairs 2740 Centerview Drive Tallahassee, Florida 32399-2100 Attention: Ms. Michelle L. Oxman Assistant General Counsel
Dear Mr. Stengle:
On behalf of the Florida Housing Finance Agency, you ask:
Is the Florida Housing Finance Agency exempt from payment of the documentary stamp tax imposed under Chapter 201, Florida Statutes?
In sum:
The Florida Housing Finance Agency is exempt from payment of the documentary stamp tax imposed pursuant to section 201.02, Florida Statutes, which applies to documents relating to the transfer of interests in real property.
Pursuant to section 420.504(1), Florida Statutes, the Florida Housing Finance Agency (the agency) was created within the Department of Community Affairs as "a state agency and instrumentality, which shall be a public body corporate and politic[.]"
The agency is specifically made exempt from taxes by section420.513(1), Florida Statutes, which reads, in part, as follows:
The property of the agency, the transactions and operations thereof, and the income therefrom shall be exempt from taxation by the state and its political subdivisions.
Chapter 201, Florida Statutes, authorizes the imposition of an excise tax on documents. Section 201.02, Florida Statutes, applies a documentary stamp tax to documents relating to the transfer of interests in real property. The tax rate of this excise tax is applied to the amount of consideration for the transfer. Section201.01 provides that:
Unless exempt under s. 201.24 or under any state or federal law, if the United States, the state, or any political subdivision of the state is a party to a document taxable under this chapter, any tax specified in this chapter shall be paid by a nonexempt party to the document.
As an agency of the state, the Florida Housing Finance Agency is exempt from documentary stamp taxes imposed pursuant to Chapter 201, Florida Statutes.[1]
However, this office has construed section 201.01, Florida Statutes, as expressing an intent not to exempt such documents from taxation merely because one party is immune or exempt.[2]
Rather it has shifted the tax burden to the other party.[3] Such documents only become exempt from taxation when both parties are immune or exempt by section 201.24, Florida Statutes, or under state or federal law.[4]
Therefore, reading section 420.513(1), Florida Statutes, together with section 201.01, Florida Statutes, it is my opinion that the Florida Housing Finance Agency is exempt from payment of the excise tax on mortgages in favor of the Florida Housing Finance Agency. However, in those cases where the agency is recording such a mortgage, the nonexempt party is liable for payment of these taxes.[5]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] And see, Rule 12B-4.013(5), F.A.C., which provides that a "[c]onveyance to or by the state, a county, a municipality or other public agency to or by a non-exempt party is subject to tax. The state, county, municipality or other public agency is exempt from payment of tax but the non-exempt party is not exempt." Cf., Florida Department of Revenue v. A. Duda Sons, Inc.,608 So.2d 881, 884 (Fla. 5th DCA 1992), quoting the Senate Staff Analysis and Economic Impact Statement prepared for language amending s.201.01:
For many years, transactions between nonexempt parties and governmental entities were held taxable unless exempted by state or federal law, the nonexempt party being liable for the tax. Early Florida Supreme Court cases upheld this principle. But in 1986, the Florida Supreme Court declared that all parties to documents representing transactions in which governmental entities were parties were totally exempt from the documentary stamp tax and the Department was prohibited from collecting the tax on such documents. Proposed Changes: Provides that, except as otherwise exempt under state or federal law, the documentary stamp tax is to be paid by a party to a document other than the United States, the state, or a political subdivision of the state if any such governmental entity is a party to the document.
[2] See, Ops. Att'y Gen. Fla. 92-7 (1992) and 91-54 (1991).
[3] See, Lewis v. The Florida Bar, 372 So.2d 1121 (Fla. 1979), which had held that the imposition on The Florida Bar of the documentary stamp tax constituted an impermissible indirect tax on a tax immune body. Section 201.01, Fla. Stat., was subsequently amended by s. 6., Ch. 87-102, Laws of Florida, to shift the tax liability to the nonexempt party. Cf., Ops. Att'y Gen. Fla. 91-54 (1991) and 72-350 (1972).
[4] See, s. 201.24, Fla. Stat., which states:
Obligations of municipalities, political subdivisions, and agencies of the state. — There shall be exempt from all taxes imposed by this chapter: (1) Any obligation to pay money issued by a municipality, political subdivision, or agency of the state. (2) Any assignment, transfer, or other disposition, or any document, which arises out of a lease or lease-purchase for real property agreement entered pursuant to s. 235.056(3).
And see, s. 201.02(6), Fla. Stat., which provides in part that:
Taxes imposed by this section shall not apply to any assignment, transfer, or other disposition, or any document, which arises out of a transfer of real property from a nonprofit organization to the Board of Trustees of the Internal Improvement Trust Fund, to any state agency, to any water management district, or to any local government.
[5] Cf., Fiscal Note on CS/HB 830 (Ch. 80-161, Laws of Florida, which became s. 420.513(1), Fla. Stat. [1981]), prepared by the Committee on Finance and Taxation of the Florida House of Representatives, dated 5/8/80. The fiscal statement notes that housing financing and construction activity in Florida will increase if the housing finance authority is successful and that "[t]his will result in revenue growth, primarily in the documentary stamp, intangibles and sales taxes." (e.s.) Clearly, the committee did not intend that all parties involved in housing finance authority mortgage business would be exempt from taxation.